UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BRIANNA CARNEY AND CREWBLOOM LLC,

                                        Plaintiff,

         -against-

ALEC MICHAEL BARBAZ,

                                      Defendant.
------------------------------------------------------------------X

Case No.: 1:24-cv-05362

**ANSWER TO COUNTERCLAIMS**

Plaintiffs Brianna Carney ("Carney") and CrewBloom LLC ("CrewBloom," and collectively with Ms. Carney, "Plaintiffs"), by and through their undersigned counsel, submit their Answer to the Counterclaims of Defendant Alec Michael Barbaz ("Defendant"), filed on September 26, 2024 (the "Counterclaims"). Any and all allegations that are not specifically admitted are denied by Plaintiffs.

Plaintiffs state as follows:

## PARTIES[1]

1.      Plaintiffs admit the allegations of paragraph 1 upon information and belief.

2.      Admitted.

3.      Admitted.

---

[1] Plaintiffs incorporate the headings from Defendant's Counterclaims for completeness and do not admit any of the substance of these headings.

## JURISDICTION AND VENUE

4. Paragraph 4 states a legal conclusion to which no answer is required. To the extent an answer is required, Plaintiffs deny that (i) the Counterclaims state a cause of action and (ii) that the Plaintiffs have committed any acts that give rise to of any of the causes of action.

5. Paragraph 5 states a legal conclusion to which no answer is required. To the extent that an answer is required, Plaintiffs deny that they have or will commit any acts that give rise to the claims asserted by Defendant. Plaintiffs state that, solely for the purposes of this action, they do not contest venue at this Court.

## GENERAL ALLEGATIONS

6. Plaintiffs admit the allegations of paragraph 6, except that Plaintiffs deny that Defendant came to any conclusions about his compatibility with Ms. Carney, as Ms. Carney ended the relationship.

7. Denied.

8. Admitted that Ms. Carney sent an email on December 6, 2023, and otherwise denied.

9. Admitted that the quoted language appears in the email, and otherwise denied.

10. Admitted that the quoted language appears in the email, and otherwise denied.

11. Admitted that CrewBloom's corporate counsel contacted Defendant's employer to put the employer on notice that Defendant was perpetrating unlawful activity against Plaintiffs using company devices, as described in the First Amended Complaint and as attached initially at Dkt. #1-1, and that the undersigned counsel contacted Defendant's employer concerning the same, and otherwise denied.

12. Plaintiffs are without sufficient knowledge or information to admit or deny the allegations of paragraph 12. To the extent Defendant alleges his reputation is damaged as a result of Plaintiffs' conduct rather than his own, that allegation is denied.

13. Denied.

14. Plaintiffs admit the allegations of paragraph 14, except that Plaintiffs deny Defendant's characterization of Plaintiffs' causes of action as "fantastic, baseless, frivolous, […] outrageous and unbelievable."

15. Admitted that Plaintiffs amended their Complaint by filing the First Amended Complaint, and otherwise denied.

16. Admitted that Plaintiffs sought a motion for a temporary restraining order and an order to show cause for a preliminary injunction against Defendant, and otherwise denied.

17. Paragraph 17 states a legal conclusion to which no answer is required.

18. Denied.

19. Admitted, except that Plaintiffs deny Defendant's characterization of the Illegal Duplicate Device as "imaginary."

20. The First Amended Complaint speaks for itself. Defendant's characterization of the First Amended Complaint is denied.

21. Denied.

22. The Declaration of Ms. Carney speaks for itself. Defendant's characterization of that Declaration is denied.

23. Admitted that the First Amended Complaint contains eleven causes of action, and otherwise denied.

24. Plaintiffs admit the allegations of paragraph 24, except that Plaintiffs deny Defendant's characterization of the Illegal Duplicate Device as "imaginary."

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Exhibit B to the Declaration of Ms. Carney speaks for itself. Defendant's characterization of that Exhibit is denied.

31. Exhibit C to the Declaration of Ms. Carney speaks for itself. Defendant's characterization of that Exhibit is denied.

32. Admitted that Plaintiffs allege that Exhibit C to the First Amended Complaint is a screenshot of Ms. Carney's mobile phone evidencing a login from the location of Point72, and otherwise denied.

33. Denied.

34. Denied.

35. Admitted, except to the extent that Defendant alleges that Plaintiffs have failed to provide any evidence of Defendant's hacking, which is denied.

36. Admitted that Plaintiffs allege law enforcement agencies are involved, and otherwise denied.

37. Denied.

38. Admitted that Plaintiffs have alleged Defendant routinely deletes evidence of his unlawful conduct, and otherwise denied.

39. Admitted, except to the characterization of the allegation as "conclusory," which is denied.

40. Admitted that Plaintiffs have alleged they "discovered hundreds of CrewBloom's Trade Secrets" and "confidential CrewBloom files" among other things, "had been exported to unknown devices," except to Defendant's characterization of Plaintiffs' allegations as "self-serving and conclusory," which is denied.

41. Denied.

42. Admitted that Plaintiffs allege that Defendant regularly deletes client emails from Ms. Carney's CrewBloom email, and otherwise denied.

43. Admitted that Plaintiffs allege facts related to Defendant's conduct, that Plaintiffs have expended funds to investigate such conduct, and that Plaintiffs have been unable to end or fully understand the ongoing damage caused by Defendant's conduct. However, Plaintiffs deny Defendant's characterization of these allegations.

44. Denied.

45. Admitted to the extent this paragraph merely repeats Plaintiffs' allegations but denied as to Defendant's characterizations and any other allegations.

46. Admitted that the alleged conduct is criminal, and otherwise denied.

47. Exhibits U and V to the Declaration of Ms. Carney speak for themselves. Defendant's characterization of those Exhibits are denied.

48. Admitted that Exhibit V to the First Amended Complaint is a mobile phone bill from Verizon dated January 8 to February 7, 2024, otherwise denied.

49. Admitted that Plaintiffs have alleged Defendant has interfered with Ms. Carney's Hinge account, and otherwise denied.

50. Exhibits W and X to the Declaration of Ms. Carney speak for themselves. Admitted that Plaintiffs have alleged Defendant has interfered with Ms. Carney's Hinge account, and otherwise denied.

51. Plaintiffs are without sufficient knowledge or information to admit or deny the allegations of paragraph 51.

52. Denied.

53. Admitted that Plaintiffs have alleged Defendant has interfered with Ms. Carney's Tesla, and otherwise denied.

54. Exhibits H, J, L, and N to the Declaration of Ms. Carney speak for themselves. Defendant's characterization of these Exhibits, and other allegations, are denied.

55. Admitted that the Exhibits referenced in this paragraph evidence that Ms. Carney contacted Tesla Customer Support on the noted dates, and otherwise denied.

56. Admitted that Plaintiffs have alleged that the cited Exhibits show disabled and reinstated multi-factor authentication related to Defendant's conduct, and otherwise denied.

57. Admitted that Plaintiffs have alleged Defendant has interfered with Ms. Carney's Tesla, in terms of the quoted language cited, and otherwise denied.

58. Denied.

59. To the extent that this paragraph contains legal conclusions, no answer is required. Denied that Plaintiffs claims "run afoul of Federal Rule of Civil Procedure 11."

60. Paragraph 60 contains legal conclusions to which no answer is required. To the extent an answer is required, admitted as to Rule 11 prohibiting "litigants from filing lawsuits for any improper purpose," and otherwise denied.

61. Admitted that Ms. Carney sought an order of protection, which was granted and continues to remain in effect, after Defendant's order of protection was ultimately denied, upon information and belief. The remaining allegations of paragraph 61 are denied.

62. Admitted that Plaintiffs' First Amended Complaint contains eleven causes of action, otherwise denied.

63. Paragraph 63 contains legal conclusions to which no answer is required. To the extent an answer is required, admitted.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. To the extent Defendant alleges Ms. Carney has threatened and/or bullied him, that allegation is denied. To the extent that Defendant alleges he is damaged as a result of Plaintiffs' conduct rather than his own, that allegation is denied. Plaintiffs are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 68.

### FIRST CAUSE OF ACTION
### Defamation

69. Plaintiffs repeat and reallege each and every answer stated above as if fully stated here.

70. Admitted that CrewBloom's corporate counsel contacted Defendant's employer about his unlawful conduct, that letter being initially attached at Dkt. #1-1 and described in the First Amended Complaint, and otherwise denied.

71. Admitted, except that Plaintiffs deny Defendant's characterization as "false."

72. Admitted that Ms. Carney, through undersigned counsel, sent a letter concerning Defendant's misconduct to Defendant's employer on June 24, 2024, and otherwise denied.

73. Denied that the letter contained "false" and "untrue" accusations. To the extent that Defendant alleges he is damaged as a result of Plaintiffs' conduct rather than his own, that allegation is denied. Plaintiffs are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 73.

74. Admitted that the letter and email communications to Point72 contained the description of Defendant's conduct. The First Amended Complaint speaks for itself. All the remaining allegations of paragraph 74 are denied.

75. Admitted that Ms. Carney notified Point72 of her knowledge concerning Defendant's inappropriate relationship with a subordinate coworker, but Plaintiffs deny Defendant's characterizations of such allegations. Plaintiffs are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 75.

76. Denied.

77. Denied.

78. Denied.

79. Defendant's characterization of Plaintiffs and Plaintiffs' conduct is denied. Plaintiffs are without sufficient knowledge or information to admit or deny the allegations of paragraph 79. To the extent that Defendant alleges he is damaged as a result of Plaintiffs' conduct rather than his own, that allegation is denied.

80. Defendant's characterization of Plaintiffs and Plaintiffs' conduct is denied. Plaintiffs are without sufficient knowledge or information to admit or deny the allegations of

paragraph 80.  To the extent that Defendant alleges he is damaged as a result of Plaintiffs' conduct rather than his own, that allegation is denied.

81. Defendant's characterization of Plaintiffs and Plaintiffs' conduct is denied. Plaintiffs are without sufficient knowledge or information to admit or deny the allegations of paragraph 81.  To the extent that Defendant alleges he is damaged as a result of Plaintiffs' conduct rather than his own, that allegation is denied.

82. Paragraph 82 contains legal conclusions to which no answer is required.  To the extent an answer is required, Plaintiffs deny that Defendant has suffered any damage that entitles him to any relief from Plaintiffs.

## SECOND CAUSE OF ACTION
**Defamation Per Se**

83. Plaintiffs repeat and reallege each and every answer stated above as if fully stated here.

84. Admitted that CrewBloom's corporate counsel contacted Defendant's employer about his unlawful conduct, that letter being initially attached at Dkt. #1-1 and described in the First Amended Complaint, and otherwise denied.

85. Admitted, except that Plaintiffs deny Defendant's characterization as "false."

86. Admitted that Ms. Carney, through undersigned counsel, sent a letter concerning Defendant's misconduct to Defendant's employer on June 24, 2024, and otherwise denied.

87. Denied that the letter contained "false" and "untrue" accusations.  To the extent that Defendant alleges he is damaged as a result of Plaintiffs' conduct rather than his own, that allegation is denied.  Plaintiffs are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 87.

88. Admitted that the letter and email communications to Point72 contained the description of Defendant's conduct. The First Amended Complaint speaks for itself. All the remaining allegations of paragraph 88 are denied.

89. Admitted that Ms. Carney notified Point72 of her knowledge concerning Defendant's inappropriate relationship with a subordinate coworker, but Plaintiffs deny Defendant's characterizations of such allegations. Plaintiffs are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 89.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Defendant's characterization of Plaintiffs and Plaintiffs' conduct is denied. Plaintiffs are without sufficient knowledge or information to admit or deny the allegations of paragraph 95. To the extent that Defendant alleges he is damaged as a result of Plaintiffs' conduct rather than his own, that allegation is denied.

96. To the extent that Defendant alleges he is damaged as a result of Plaintiffs' conduct rather than his own, that allegation is denied. To the extent this paragraph contains legal conclusions, no answer is required.

97. To the extent that Defendant alleges he is damaged as a result of Plaintiffs' conduct rather than his own, that allegation is denied. The remainder of paragraph 97 contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs deny that Defendant has suffered any damage that entitles him to any relief from Plaintiffs.

## THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

98. Plaintiffs repeat and reallege each and every answer stated above as if fully stated here.

99. Denied.

100. Denied.

101. Paragraph 101 contains legal conclusions to which no answer is required. To the extent an answer is required, denied.

102. To the extent that Defendant alleges he is damaged as a result of Plaintiffs' conduct rather than his own, that allegation is denied. The remainder of paragraph 102 contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs deny that Defendant has suffered any damage that entitles him to any relief from Plaintiffs.

## FOURTH CAUSE OF ACTION
### Tortious Interference with Economic Relations

103. Plaintiffs repeat and reallege each and every answer stated above as if fully stated here.

104. Admitted only to the extent that Plaintiffs were aware that Defendant was employed by Point72. The remaining allegations of paragraph 104 are denied.

105. Admitted that CrewBloom's corporate counsel contacted Defendant's employer about his unlawful conduct, that letter being initially attached at Dkt. #1-1 and described in the First Amended Complaint, and otherwise denied.

106. Admitted, except that Plaintiffs deny Defendant's characterization as "false."

107. Admitted that the letter and email communications to Point72 contained the description of Defendant's conduct. The First Amended Complaint speaks for itself. All the remaining allegations of paragraph 107 are denied.

108. Admitted that Ms. Carney notified Point72 of her knowledge concerning Defendant's inappropriate relationship with a subordinate coworker, but Plaintiffs deny Defendant's characterizations of such allegations. Plaintiffs are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 108.

109. Denied.

110. Denied.

111. Admitted that CrewBloom's corporate counsel contacted Defendant's employer to put the employer on notice that Defendant was perpetrating unlawful activity against Plaintiffs using company devices, as described in the First Amended Complaint and as attached initially at Dkt. #1-1, and otherwise denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Defendant's characterization of Plaintiffs and Plaintiffs' conduct is denied. Plaintiffs are without sufficient knowledge or information to admit or deny the allegations of

paragraph 119. To the extent that Defendant alleges he is damaged as a result of Plaintiffs' conduct rather than his own, that allegation is denied.

120.    To the extent that Defendant alleges he is damaged as a result of Plaintiffs' conduct rather than his own, that allegation is denied. The remainder of paragraph 120 contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs deny that Defendant has suffered any damage that entitles him to any relief from Plaintiffs.

## RELIEF SOUGHT

Plaintiffs deny that Defendant is entitled to any relief in this matter. Accordingly, Plaintiffs ask that each of Defendant's claims be dismissed with prejudice and that the Court decline to grant Defendant any relief requested.

## JURY DEMAND

Plaintiffs do not object to the demand for a trial by jury of the counterclaims.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Without assuming any burden Plaintiffs would otherwise bear under applicable law and rules, and specifically reserving Plaintiffs' right to assert additional affirmative defenses as additional information or materials becomes available through discovery or otherwise, Plaintiffs assert the following affirmative defenses to Defendant's counterclaims:

## FIRST DEFENSE
### (Failure to State a Cause of Action)

Plaintiffs assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Counterclaims, that each and every cause of action contained in the Counterclaims, fails to state facts sufficient to constitute a cause of action against Plaintiffs. Defendant's

allegations, even taking all his allegations as true and drawing all inferences in his favor, are insufficient to allege a claim of defamation with sufficient particularity because they fail to correctly identify the speaker, fail to identify the allegedly defamatory words, and fail to identify the context in which the allegedly defamatory statements were made. Defendant has merely paraphrasing allegedly defamatory content, which is insufficient to state a claim in this Circuit.

Defendant's allegations do not put Plaintiffs on notice of what statement(s) Defendant alleges are falsehoods, as Defendant simply identifies entire documents, and Defendant has admitted certain statements contained within the communications at issue. Defendant has failed to – and cannot – sufficiently allege Plaintiffs' malice, their knowledge of falsity, or their recklessness with regard to the truth. Indeed, Defendant repeatedly states that Plaintiffs' have investigated their claims and references the documentary evidence obtained from the investigation that is already in the record (investigation for truth, to be clear, is not even required to satisfy the mental state component of defamation claims, but it is certainly persuasive to show that Plaintiffs' did not act with malice, knowledge of falsity, or reckless disregard for the truth).

Further, Defendant should be denied leave to replead his facially deficient defamation claims. Such claims are barred by New York's Anti-SLAPP law, Civil Rights Law § 76-a(2), as statements made by Ms. Carney to third parties concerning Defendant's misconduct (both those that are subject of this litigation and those about his inappropriate relationship with a subordinate coworker) are on matters of public concern.

Defendant's allegations of intentional infliction of emotional distress fail to state a claim, even taking all of his allegations as true and drawing all inferences in his favor. Defendant fails to allege that Plaintiffs have engaged in any extreme or outrageous conduct.

Defendant fails to state a claim for tortious interference because Defendant has not

adequately alleged intentional interference motivated solely by malice or through the use of dishonest, unfair or improper means in any interaction with Point72. Therefore, Defendant's Counterclaims should be dismissed in its entirety and with prejudice.

## SECOND DEFENSE
### (Truth)

As a separate and affirmative defense to the Counterclaims, and to each and every alleged cause of action contained in it, Plaintiffs assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Counterclaims, that the statements made concerning Defendant are true. Plaintiffs need not demonstrate complete accuracy, and slight inaccuracies of expression are immaterial, as it is only necessary that the gist or substance of the challenged statements be true. Therefore, to the extent that Plaintiffs do not state the sphere of Defendant's misconduct with complete technical accuracy, being at a disadvantage while Defendant intentionally obfuscates his wrongdoing in futile hopes to escape liability, Defendant's claims – all of which are predicated on such statements – still fail.

## THIRD DEFENSE
### (Qualified Pre-litigation Privilege)

As a separate and affirmative defense to the Counterclaims, and to each and every alleged cause of action contained in it, Plaintiffs assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Counterclaims, that the statements made concerning Defendant are protected by the pre-litigation privilege under New York law.

## FOURTH DEFENSE
### (Defamation and Libel Proof)

As a separate and affirmative defense to the Counterclaims, and to each and every alleged cause of action contained in it, Plaintiffs assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Counterclaims, that Defendant is defamation- and libel-proof.

## FIFTH DEFENSE
### (Unclean Hands and *In Pari Delicto*)

As a separate and affirmative defense to the Counterclaims, and to each and every alleged cause of action contained in it, Plaintiffs assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Counterclaims, that Defendant's causes of action are barred by the doctrines of unclean hands and *in pari delicto*. Defendant has unclean hands and is *in pari delicto* for at least the reasons asserted in Plaintiffs' First Amended Complaint, incorporated here by reference, as well as Defendant's lack of good faith in asserting his counterclaims.

## SIXTH DEFENSE
### (Duplicate Claims)

As a separate and affirmative defense to the Counterclaims, and to each and every alleged cause of action contained in it, Plaintiffs assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Counterclaims, that Defendant's claims are barred as duplicative of one another.

## SEVENTH DEFENSE
### (Waiver)

As a separate and affirmative defense to the Counterclaims, and to each and every alleged cause of action contained in it, Plaintiffs assert, without admitting that they engaged in any of the

acts or conduct attributed to them in the Counterclaims, that Defendant has waived his rights, if any, to pursue the claims in the Counterclaims.

### EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

As a separate and affirmative defense to the Counterclaims, and to each and every alleged cause of action contained in it, Plaintiffs assert that Defendant unjustifiably delayed in bringing his claims. Plaintiffs were forced to bring this action due to Defendant's own non-responsiveness and noncooperation. This unreasonable delay has prejudiced Plaintiffs and bars Defendant from recovery based on the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

As a separate and affirmative defense to the Counterclaims, and to each alleged cause of action contained in it, Plaintiffs assert that if Defendant sustained any damages as a result of the allegations stated in the complaint, those damages are the result of his own failure to take reasonable efforts to mitigate the damages allegedly suffered.

### TENTH DEFENSE
### (Failure to Take Reasonable Steps to Avoid Harm or Consequences)

As a separate and affirmative defense to the Counterclaims, and to each and every alleged cause of action contained in it, Plaintiffs assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Counterclaims, that Defendant's claims and damages are barred in whole or in part by Defendant's failure to take reasonable and necessary steps to avoid the harm and/or consequences that he allegedly suffered.

## ELEVENTH DEFENSE
### (Other Negligence or Misconduct)

As a separate and affirmative defense to the Counterclaims, and to each alleged cause of action contained in it, Plaintiffs assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Counterclaims, that the Counterclaims, and each purported cause of action contained in them, was not the result of any negligence or intentional misconduct on the part of Plaintiffs, but is instead barred by Defendant's or third parties' own acts, omissions, negligence or misconduct.

## TWELFTH DEFENSE
### (Plaintiffs Acted Reasonably)

As a separate and affirmative defense to the Counterclaims, and to each alleged cause of action contained in it, Plaintiffs assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Counterclaims, that they acted reasonably, permissibly and in good faith, and for good cause, at all material times, based on relevant facts and circumstances known to them at the time, or in conformity with and in reliance upon applicable regulations, orders, codes, practices, policies or procedures.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to State Facts for Damages and Attorneys' Fees)

As a separate and affirmative defense to the Counterclaims, and to each and every alleged cause of action contained in it, Plaintiffs assert, without admitting they engaged in any of the acts or conduct attributed to them, that Defendant fails to state facts sufficient to constitute a claim for

compensatory, consequential, exemplary, general, and/or punitive damages. The Counterclaims fail to identify any basis upon which to grant Defendant an award of attorneys' fees.

### **FOURTEENTH DEFENSE**
**(Reservation of Rights)**

The above affirmative defenses are based on the facts and information currently known to Plaintiffs. Plaintiffs reserve the right to amend or add defenses or affirmative defenses based on facts later discovered, pleaded, or offered. Plaintiff's exclusion of matters for which Defendant bears the burden of proof from this Answer should not be construed as a waiver of Plaintiffs' rights and abilities to contest those matters in the future.

Dated: New York, New York
October 16, 2024

**ROMANO LAW PLLC**

By: */s/ David Fish*
David Fish
Ellie Sanders
One Battery Park Plaza, 7th Floor
New York, New York 10004
Phone: (212) 865-9848
Fax: (646) 661-4599
Email: davidf@romanolaw.com
ellie@romanolaw.com

*Attorneys for Plaintiffs Brianna Carney and CrewBloom LLC*