

**Soler Salva LLP**
270 W. 39th St., Suite 1304
New York, NY 10018
www.solersalva.com
(646) 660-1961
New York, New Jersey, Pennsylvania

**Albert J. Soler, Partner**
Chair, Litigation, Entertainment, Intellectual Property
Practice Group
asoler@solersalva.com
(646) 660-1961

**DELIVERED VIA ECF FILING**

January 13, 2025

The Honorable Valerie Figueredo
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1660
New York, NY 10007
Tel: (212) 805-0298
Email: FigueredoNYSDChambers@nysd.uscourts.gov

    **Re:** **Letter Motion Re Discovery Conference –** *Brianna Carney and CrewBloom LLC v. Alec Michael Barbaz* **- Case Number 1:24-cv-05362**

Your Honor,

    Our firm represents defendant and counterclaimant, Alec Michael Barbaz (herein "Defendant" or "Barbaz"), in the above captioned action. We respectfully submit this letter motion, with consent of counsel, for plaintiffs and counter defendants, Brianna Carney ("Carney") and CrewBloom LLC ("CrewBloom") (collectively, "Plaintiffs"), seeking a discovery conference pursuant to Your Honor's Individual Practices in Civil Cases to resolve the issues outlined below. Please note that opposing counsel will be submitting their own correspondence regarding the parties' request for an audience with Your Honor regarding certain discovery issues that remain unresolved following the parties' most recent December 30, 2024 meet and confer.

    As background, the parties are presently in the discovery phase of these proceedings and the parties had exchanged a series of letters outlining each party's alleged discovery deficiencies. Subsequent to the exchange of letters, the parties held a meet and confer, via Zoom, on the afternoon of December 30, 2024 from approximately 2:00 pm to 3:00 pm (the "Meet and Confer"). Plaintiffs were represented by David Fish, Esq., Ellie Sanders, Esq., and Gabriella Epley, Esq, while myself, Albert Soler, and my colleague Ajoe P. Abraham, Esq., represented Defendant during the Meet and Confer.

Soler Salva LLP

At this point, the parties have reached an impasse with respect to the forensic imaging of the parties' respective personal electronic devices, including mobile phones, laptops, and desktop computers. At this juncture, the parties would appreciate Your Honor's guidance and assistance with respect to the following discovery issues relevant to Defendant Barbaz's defense and counterclaims in this matter:

1. **Forensic Imaging of Personal Electronic Devices**
   At this point, Defendant Barbaz's third-party forensic expert is in the process of collected Defendant's devices and are completing the process of obtaining forensic images of the same, which consists of (a) his main iPhone, (b) a MacBook Air laptop computer, (c) two "old" Android mobile phones, and (c) a desktop computer. Defendant expects the imaging process to be completed in the next day or so. The parties will then discuss and apply agreed upon search terms to the data in preparation for the production of responsive documents.

   With respect to Plaintiff Carney's devices, however, Plaintiffs informed Defendant, for the first time, via email, following the meet and confer, that the Brooklyn District Attorney's Office (the "Brooklyn DA") had purportedly collected Defendant Carney's personal electronic devices consisting of, according to Plaintiffs, (a) an Apple MacBook laptop and (b) Plaintiff Carney's main iPhone, and that the Brooklyn DA had obtained forensic images of the two devices. Although securing and imaging of Plaintiff Carney's devices is critical to this case. Plaintiffs have not provided Defendant with any information whatsoever regarding the background of the Brooklyn DA's involvement with the forensic imaging, including (a) when the Brooklyn DA obtained the devices, (b) what methodology was used to obtain the purported forensic images, and (c) what coding/metadata was allegedly collected by the Brooklyn DA.

   Although Defendant was under the impression that the parties had agreed to each retain their own forensic vendors to collect and image the personal devices, as Defendant has done, Plaintiffs have now taken the position that they have no duty to retain a vendor to collect and image Plaintiff Carney's personal devices. Perhaps more troubling is the fact that Plaintiff have not confirmed whether the Brooklyn DA has actually obtained forensic images nor that the Brooklyn DA will remit copies of the same to Plaintiffs and, if so, when such copies will be processed and produced. Finally, Defendant has not been provided any information regarding Plaintiff CrewBloom LLC's servers or devices so that the parties may discuss and agree upon how CrewBloom's documents will be collected and searched for purposes of discovery.

   Defendant now seeks an order compelling Plaintiffs to (1) identify each relevant electronic device in Plaintiff Carney's personal possession and in the possession and control of Plaintiff Crewbloom; (2) produce all such devices to be forensically imaged by a qualified forensic vendor of Plaintiffs' choosing; and (3) immediately produce all documents and communications between Plaintiffs and the Brooklyn DA related to both the Plaintiffs' affirmative case, as well as Defendant's counterclaims.

Soler Salva LLP

2. **Information Related to the Brooklyn DA's Involvement in this Matter**
   As noted, Defendant Barbaz has not received or otherwise been provided any documentation or information regarding the Brookly DA's purported involvement in this dispute. Although Plaintiff Carney noted in an email that the Brooklyn DA "officially took [her] case on February 8, 2024," Defendant Barbaz has no been provided any information whatsoever regarding any aspect of the Brooklyn DA's investigation, reports, or any conclusions regarding the myriad of unsupported accusations Plaintiff Carney has levied against Defendant.

3. **Endorsed Subpoena for Submission to the Brooklyn DA**
   The communications and documents between Plaintiff Carney and the Brooklyn DA regarding both the forensic imaging of Plaintiff Carney's devices and any results, reports, or conclusions by the Brooklyn DA's office related to Plaintiff's accusations and allegations against Defendant are *unquestionably highly relevant* to this case as they relate to both Defendant's defense against Plaintiffs' affirmative case, as well as Defendant's affirmative counterclaims in this matter. As such, Defendant respectfully requests Your Honor's endorsement and permission to serve a subpoena to the Brookly DA's office requesting production of the aforementioned documents, information, and conclusions related to Plaintiffs' accusations against Defendant Barbaz in this matter.

As noted, Defendant Barbaz has *suffered permanent damage* to his reputation, has been terminated from his employment, and has otherwise been harassed by Plaintiffs with unsupported, unsubstantiated, and defamatory accusations. Unbelievably, Plaintiffs indicated during the Meet and Confer that they were *assessing yet a "new theory"* with respect to their unsupported assertion that Defendant Barbaz utilized a purported "Illegal Duplicate Device" to essentially control all aspects of Plaintiff Carney's life.

Therefore, Defendant respectfully seeks Your Honor's availability for a discovery conference in January (if possible) and the parties will agree upon a mutually acceptable date and time. Plaintiffs have informed us that they are unavailable on January 14, 16, and from January 27 through 31, so the week of January 20 may be a viable option for Your Honor subject to Your Honor's availability.

Thank you, in advance, for your consideration of this matter and the parties appreciate your guidance.

Respectfully Submitted,

/AJS/

Albert J. Soler
Attorneys for Defendant, Alec Michael Barbaz

cc:   All Counsel of Record (via ECF)

3

---

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

Dated: 1/14/25

A discovery conference is hereby scheduled for **Monday, February 3, 2025 at 3 p.m.** The parties are directed to call Judge Figueredo's conference line at the scheduled time. Please dial (646) 453-4442; passcode [479178575#]. The parties are directed to file a joint letter outlining the issues to be addressed and each party's position by **Wednesday, January 29, 2025**. The Clerk of Court is directed to terminate the motion at ECF No. 40.