Albert J. Soler (AS1974)
Ajoe P. Abraham (AA7000)
SOLER SALVA LLP
270 W. 39th St., Suite 1304
New York, NY 10018
Tel: (646) 660-1961
Email: asoler@solersalva.com
Email: aabraham@solersalva.com

*Attorneys for Defendant Alec Michael Barbaz*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIANNA CARNEY AND CREWBLOOM LLC,<br><br>                    Plaintiffs,<br><br>v.<br><br>ALEC MICHAEL BARBAZ,<br><br>                    Defendants. | Case No.: 1:24-cv-05362 (ALC)<br><br>**JOINT ELECTRONIC DISCOVERY**<br>**SUBMISSION AND ORDER** |

      One or more of the parties to this litigation have indicated that they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests.  This Model Joint Submission and Proposed Order (and any subsequent amendment to this) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action.  The parties and the Court recognize that this Model Joint Submission and Proposed Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this Submission may become necessary as more information becomes known to the parties.

1. **<u>Brief Joint Statement Describing the Action</u>**:

Plaintiffs/Counter-Defendants Brianna Carney (herein "Carney") and CrewBloom LLC (individually "CrewBloom" and together with Carney, "Plaintiffs/Counter-Defendants") allege that Defendant/Counter-Claimant Barbaz used an "Illegal Duplicate Device" ("IDD") to, among other things, fraudulently impersonate Carney by accessing Carney's information using the alleged IDD, entering Carney's drives and workspaces, accessing Carney's accounts, and other allegations at set forth in the eleven causes of action in Carney's First Amended Complaint dated August 27, 2024.

Defendant/Counter-Claimant Barbaz (herein "Barbaz" or "Defendant/Counter-Claimant") denies each and every one of Plaintiffs/Counter-Defendants' allegations, without limitation, and expressly denies the existence and/or possession, ownership, or control of any purported IDD as alleged by Plaintiffs. Furthermore, Barbaz has asserted counterclaims for (1) defamation; (2) defamation *per se*; (3) intentional infliction of emotional distress; and, (4) tortious interference with economic relations based upon, *inter alia*, Plaintiffs' publication and distribution of false allegations of Defendant's alleged criminality and other improper acts to third-parties, including Barbaz's former employer.

    (a)    **Estimated amount of Plaintiffs/Counter-Defendants' Claims:**

        __ Less than $100,000 Between $100,000 and $999,999
        X Between $1,000,000 and $49,999,999
        __ More than $50,000,000 Equitable Relief
        __ Other (if so, specify) _____

    (b)    **Estimated amount of Defendant/Counter-Claimant's Counterclaims:**

        __ Less than $100,000 Between $100,000 and $999,999
        <u> X </u> Between $1,000,000 and $49,999,999
        __ More than $50,000,000 Equitable Relief
        __ Other (if so, specify) _____

2. **<u>Competence</u>**:

Counsel for their respective clients certify that they are sufficiently knowledgeable in matters relating to their client(s)' technological systems to competently discuss issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf. To ensure proper handling and preservation of each parties' electronic devices including, but not limited to mobile phones, iPhones, laptop computers, desktop computers, and to the parties represent that each has retained competent forensic experts specializing in technology, forensic imaging of the electronic devices, systems files, and related technological knowledge of each party's electronic devices.

3. **<u>Meet and Confer</u>**:

Pursuant to Fed. R. Civ. P. 26(f), counsel must meet and confer regarding matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference). Counsel now certify that they met and conferred to discuss these issues on November 21, 2024 and December 24, 2024. The parties acknowledge that, pursuant to an Order dated February 6, 2025, Judge Figueredo ordered that (a) Defendant Barbaz begin a rolling production of responsive, non-privileged documents from Defendant's imaged devices by February 27, 2025 and (b) Plaintiffs Carney and CrewBloom LLC begin a rolling production of documents from Plaintiffs' imaged devices by March 6, 2025. The parties further acknowledge that, on February 6, 2025, Defendant Barbaz produced the documents obtained from non-party Point72 in response to Defendant Barbaz's subpoena directed at Point72.

4. **<u>Unresolved Issues</u>**:

After the meet-and-confer conference(s) taking place on the date(s) listed above, the following issues remain outstanding and/or require court intervention:

___ Preservation; ___ Search and Review; ___ Source(s) of Production; ___ Form(s) of Production; ___ Identification or Logging of Privileged Material; ___ Inadvertent Production of Privileged Material; ___ Cost Allocation; and/or _____ Other. Please briefly describe any specific issues below:

During a February 6, 2025 Conference with Magistrate Judge Figueredo, the parties raised pending issues and Judge Figueredo made a determination on such issues via the February 6, 2025 Order. The parties were directed to each product to one another a forensic image of systems files by March 6, 2025.

The imaging of Barbaz's devices, consisting of (a) his iPhone, (b) his MacBook Air, (c) two Andriod mobile phones, and (d) his desktop were completed on or around January 13, 2025.

Carney's Macbook computer and iPhone were imaged by the Kings County District Attorney in 2024. Carney's iPhone was imaged by her expert on January 27, 2025. Carney's Macbook computer was imaged by her expert on February 10, 2025.

To date, the parties have addressed the following issues:

_____

5. **Preservation**:

    (a) The parties have discussed the obligation to preserve potentially relevant electronically stored information, inclusive of mobile devices, laptop, and desktop computers, and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which the data is maintained; identification of computer system(s) utilized; and identification of the individual(s) responsible for data preservation, etc. To the extent that the parties have reached agreement as to preservation methods, provide details below:

    The parties are aware of their clients' respective duties to preserve all sources of potentially discoverable information and the parties have advised their respective clients of their obligation to refrain from spoliation of any kind related to any source of information that may contain documents and information responsive to the parties' respective claims, defenses, and counterclaims in this lawsuit.

    (b)    State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications:

            _____

    (c)    The parties anticipate the need for judicial intervention concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored Information:

            As noted, the parties discussed all pending discovery issues during the February 6, 2025 Conference with Judge Figueredo and the parties will seek additional guidance from the Court should either party require additional guidance or in the event additional discovery issues surface.

6. **Search and Review**:

    (a)    The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below:

            The parties have agreed to exchange, and at this point have exchanged, the parties' respective "search terms" to be applied to the forensic images of the parties' personal electronic devices, mobile phones, laptop computers, and desktop computers. The resulting subset of documents will then be properly reviewed, coded, and produced by each side to the other pursuant to the deadlines set by the Court.

    (b)    State if the parties anticipate the need for judicial intervention concerning the search and review of electronically stored information:

            The parties will approach the Court for guidance in the event additional discovery disputes arise.

7. **Production**:

    (a)    Source(s) of Electronically Stored Information: The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [*e.g.*, email, word processing documents,

spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, ephemeral data, *etc.*]:

This issue has been discussed by the parties as set forth herein.

(b) Limitations on Production: The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:

The parties have discussed these issues and will continue to collaborate in the event of any disagreement or dispute regarding the same.

(c) Form(s) of Production:

  (1) The parties have reached the following agreements as to the form(s) of productions:

  The parties have agreed to properly produce documents to one another that includes (a) natives, (b) text, and (c) images (TIFF/JPG/PDF), along with a load file for each production, which includes the "standard" metadata fields.

  (2) Please specify any exceptions to the form(s) of production indicated above (*e.g.*, word processing documents in TIFF with load files, but spreadsheets in native form):

  As ordered on February 6, 2025, the parties will exchange copies of the respective forensic images, limited in scope to only system files. The parties may elect to receive the limited forensic images by mail or by electronic transfer.

  (3) The parties anticipate the need for judicial intervention regarding the following issues concerning the form(s) of production:

  None at this time as set forth herein.

(d) Privileged Material:

  (1) Identification: The parties have agreed to the following method(s) for the identification (including the logging, if any, or alternatively, the disclosure of the number of documents withheld), and the redaction of privileged documents:

6

        The parties will provide one another with a privilege log in connection with redactions or the withholding of privileged documents and communications.

   (2)    Inadvertent Production/Claw-Back Agreements: Pursuant to Fed R. Civ. Proc. 26(b)(5) and Fed. R. Evid. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (*e.g.* "quick-peek" agreements, on-site examinations, non-waiver agreements or orders pursuant to Fed. R. Evid. 502(d), etc.):

        In the case of inadvertent production of privileged documents, the parties agree to refrain from review of the document, immediate deletion of the same, and the parties agree to notify one another in the event that either party has inadvertently produced privileged documents.

   (3)    The parties have discussed a 502(d) Order: Yes ___ ; No  X

*The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.*

(e)    Cost of Production: The parties have analyzed their client's data repositories and have estimated the costs associated with the production of electronically stored information. The factors and components underlying these costs are estimated as follows:

   (1)    Costs: The parties have agreed that each party shall bear the cost and expense of its own client or clients' discovery.

   (2)    Cost Allocation: The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any: The parties have agreed that each party shall bear the cost and expense of its own client or clients' discovery.

   (3)    Cost Savings: The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any: None.

(f)    State if the parties anticipate the need for judicial intervention concerning the production of electronically stored information:

The parties have agreed to approach the Court in the event further judicial intervention concerning the production of electronically stored information is required.

8. **Other Issues**:

    _____

The preceding constitutes the agreement(s) reached, and disputes existing, (if any) between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

The next scheduled meet-and-confer conference between the parties to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order has not been set and the parties agree to approach the Court should judicial intervention be required by any of the parties related to unresolved discovery disputes.

Dated: New York, New York
       February 27, 2025

**ROMANO LAW PLLC**
*Attorneys for Plaintiff Brianna Carney and CrewBloom LLC*

By:_/s/David Fish_____
    David Fish, Esq.
    Ellie Sanders, Esq.
    One Battery Park Plaza, 7th Fl.
    New York, New York 10004

**SOLER SALVA LLP**
*Attorneys for Defendant Alec Michael Barbaz*

By: _/s/Albert J. Soler_____
    Albert J. Soler, Esq.
    Ajoe P. Abraham, Esq.
    270 W. 39th St., Ste. 1304
    New York, New York 10018

**SO ORDERED**

_____
**VALERIE FIGUEREDO**
**United States Magistrate Judge**
2/28/2025